UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAY LOCKHART, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN COLVIN, ) <br> ) <br> Defendant. ) | 1:14-cv-01397-SEB-DML |

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Ray Lockhart not entitled to disability insurance benefits ("DIB"). This case was referred to Magistrate Judge Lynch for initial consideration. On August 4, 2015, Magistrate Judge Lynch issued a report and recommendation that the Commissioner's decision be reversed and remanded because it was not supported by substantial evidence. This case is now before us on the Commissioner's Objections to the Magistrate Judge's Report and Recommendation.

**Standard of Review**

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart*, 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,

539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the decision of the Administrative Law Judge ("ALJ"), we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Lopez*, 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence" without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. The Court confines the scope of its review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue*, 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

**Factual and Procedural Background**[1]

In June 2008, Mr. Lockhart suffered a vitreous hemorrhage in his right eye, resulting in a sudden loss of vision that could not be restored, despite the performance of a pars plana vitrectomy procedure that resolved the hemorrhage. (R. at 16.) At that time, visual acuity testing measured 20/25-2 in Mr. Lockhart's left eye and 20/2000 in Mr. Lockhart's right eye. (*Id.*) Mr. Lockhart's initial application for DIB was denied on November 30, 2011, and upon reconsideration on March 13, 2012. (R. at 10.) ALJ Monica LaPolt issued an opinion on May 13, 2013, finding that Mr. Lockhart is not disabled. (*Id.*)

The ALJ applied the five-step sequential process established by the Social Security Administration and set out in 20 C.F.R. § 404.1520(a) for determining whether an individual is disabled. The first step inquires whether the claimant is engaged in substantially gainful activity. 20 C.F.R. § 404.1520(b). If he is not, the second step inquires whether the claimant suffers from any severe impairment, which is an impairment that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the claimant's impairments, singly or in combination, do not satisfy a condition included in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, then his residual functioning capacity ("RFC") is determined for purposes of steps four and five. RFC is a claimant's ability to do work on

---

[1] Because the facts are sufficiently laid out in the ALJ's opinion, the parties' briefing, and the Magistrate Judge's Report and Recommendation, we need not reiterate them in full here (including facts related to Mr. Lockhart's other health issues). Accordingly, we recount the facts only as necessary to address the Commissioner's objections to the Report and Recommendation.

a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. 20 C.F.R. § 404.1520(f). If he cannot perform his past work, the analysis proceeds to the fifth and final step, at which the claimant's age, work experience, education, and RFC are evaluated to determine whether he is capable of performing any other work available in the relevant economy. 20 C.F.R. 404.1520(g).

Here, the ALJ found at step one that Mr. Lockhart had not engaged in substantial gainful activity since July 25, 2008; at step two, that at least one of Mr. Lockhart's impairments is severe; and at step three, that Mr. Lockhart's impairments, singly or in combination, do not equal one of the listed impairments. (R. at 12–13.) Before step four, the ALJ found that Mr. Lockhart has the RFC necessary:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; frequent balancing, stooping, kneeling, crouching, and crawling; no more than moderate exposure to extremes of temperature, including cold, heat, and humidity; no more than moderate exposure to airborne irritants such as fumes, odors, dusts, and gases; and **no work requiring excellent far acuity, or peripheral acuity on the right**.

(R. at 13 (emphasis added).) The ALJ used this RFC in the hypothetical question posed to the vocational expert ("VE") at the hearing held on March 12, 2013. "Based upon the aforementioned residual functional capacity, the vocational expert testified that the claimant could perform the occupation of a packing line worker, as it is actually and

4

generally performed." (R. at 20.). Therefore, the ALJ found at step four that Mr. Lockhart is capable of performing past relevant work and is not disabled. (R. at 20–21.)

## Discussion

Magistrate Judge Lynch recommended that the Commissioner's administrative decision be reversed and remanded because the ALJ's step four decision regarding Mr. Lockhart's RFC was not supported by substantial evidence: "[T]he ALJ did not properly account for the vision problems in his right eye as part of the RFC and in her questioning of the vocational expert." (Doc. 20 at 6.) Because the ALJ did not provide the VE with an accurate assessment of Mr. Lockhart's RFC, Magistrate Judge Lynch found a lack of substantial evidence supporting the ALJ's finding at step four that Mr. Lockhart could perform past relevant work. (Doc. 20 at 12.)

### I. The ALJ's Assessment of Mr. Lockhart's RFC and Hypothetical Question

The Commissioner objects to the Magistrate Judge's assertion "that the ALJ did not incorporate all aspects from Dr. Brown's opinion in her [RFC] or hypothetical questioning of the vocational expert." (Doc. 21 at 1.)

In her statement of Mr. Lockhart's RFC and her representation of such in the hypothetical question to the VE, the ALJ referred to Mr. Lockhart's inability to perform work "requiring excellent far acuity, or peripheral acuity on the right." (R. at 13, 62.) Magistrate Judge Lynch found that this description of Mr. Lockhart's visual limitations did not match the description given in the Physical Residual Functional Capacity Assessment by Dr. Roy Brown, to which the ALJ gave "great weight." (Doc. 20 at 6-7.)

5

Dr. Brown's assessment indicates that Mr. Lockhart has limited depth perception, "has vision in one eye," and "should not do activities that require binocular vision." (R. at 339.). In her statement of Mr. Lockhart's RFC and in her questioning of the VE, however, the ALJ discussed limitations only regarding acuity and made no reference to Mr. Lockhart's limitations regarding depth perception or binocular vision. (R. at 13, 62.)

The Commissioner argues that the ALJ's explanation of Mr. Lockhart's limitations in her RFC tracked Dr. Brown's assessment of Mr. Lockhart's limitations because Dr. Brown "equated a limitation to no binocular vision to be equal to or a different way of explaining [Mr. Lockhart's] acuity and depth perception limitations." (Doc. 21 at 2 (citing (R. at 339)).). The Magistrate Judge, however, found "no medical or other support for this conclusion." (Doc. 20 at 8.).

We agree with the Magistrate Judge that there is no support for the conclusion that the ALJ's representation of Mr. Lockhart's RFC to the VE accurately reflected Dr. Brown's assessment of Mr. Lockhart's limitations. Because we agree that the VE had not been given an accurate assessment of Mr. Lockhart's limitations when she testified about Mr. Lockhart's ability to perform past relevant work, we cannot follow the path of the ALJ's reasoning that Mr. Lockhart is not disabled.

Dr. Brown's assessment clearly indicates that he believes Mr. Lockhart has limited depth perception and should not perform activities that require binocular vision.[2] (R. at

---

[2] The record reflects some confusion among all parties about what Dr. Brown reported regarding Mr. Lockhart's visual limitations. It appears that Dr. Brown initially checked a box indicating that Mr. Lockhart has "limited" far acuity, but that mark has "error" written next to it, and Dr. Brown also checked boxes indicating that Mr. Lockhart has "unlimited" far acuity and "limited"

339). The ALJ reportedly gave "great weight" to Dr. Brown's opinion, (R. at 20), but nonetheless included no reference to Dr. Brown's recommendations regarding Mr. Lockhart's depth perception and binocular vision limitations in her RFC, (R. at 13), or her questioning of the VE, (R. at 62.). The VE required an accurate description of Mr. Lockhart's limitations, including his depth perception and binocular vision limitations, to be able to testify about Mr. Lockhart's ability to perform relevant past work. Because the ALJ accepted the VE's testimony and relied on it to make her finding that Mr. Lockhart is not disabled, the ALJ's finding is not supported by substantial evidence. *See Jelinek v. Astrue*, 662 F.3d 805, 813 (7th Cir. 2011) ("We have stated repeatedly that ALJs must provide vocational experts with a complete picture of a claimant's residual functional capacity . . . .").

## II. The ALJ's Step Four Finding that Mr. Lockhart Can Perform Past Relevant Work and is Not Disabled

The Commissioner also objects to the Magistrate Judge's finding that the ALJ's reliance on the VE's opinion of Mr. Lockhart's ability to perform past relevant work lacks substantial evidentiary support. (Doc. 21 at 4.)

---

depth perception. (R. at 339.) Following the instructions on the assessment form, Dr. Brown then described "how the faculties checked 'limited' are impaired, Dr. Brown wrote: "[Claimant] has vision in one eye. He should not do activities that require binocular vision." (*Id.*) The Commissioner relied on the initial "limited" far acuity assessment in making her argument that Dr. Brown equated Mr. Lockhart's acuity limitations with his depth perception limitations: "Indeed, Dr. Brown noted limitations with binocular vision when asked to '[d]escribe how the faculties checked "limited" are impaired'; the faculties checked 'limited' were far acuity and depth perception." (Doc. 21 at 2 (quoting (R. at 339)).)

7

The VE identified Mr. Lockhart's past relevant work as "basically a packing line worker, [DOT] 753.687-038."[3] (R. at 60.) The VE eliminated Mr. Lockhart's other previous jobs from consideration because they "would require peripheral vision." (R. at 62.) Based on the VE's testimony, the ALJ found that Mr. Lockhart could perform past relevant work as it is actually and generally performed and that Mr. Lockhart is therefore not disabled. (R. at 20.) However, "[t]he packing line worker position identified by the VE has vision requirements that are inconsistent with Dr. Brown's medical opinion about Mr. Lockhart's vision limitations": according to the description for DOT #753.687-038 (the packing line job), the worker needs depth perception. (Doc. 20 at 11–12.)

We agree that the ALJ's step-four finding that Mr. Lockhart is not disabled is not supported by substantial evidence. The ALJ found the VE's testimony "to be uncontradicted, credible, and, given his professional credentials, persuasive," (R. at 21), but the ALJ gave "great weight" to Dr. Brown's recommendations regarding Mr. Lockhart's limitations, (R. at 20), which stated that Mr. Lockhart has limited depth perception, (R. at 339). The packing line job recognized by the VE as Mr. Lockhart's past relevant work requires depth perception and is inconsistent with Dr. Brown's

---

[3] Mr. Lockhart disagrees with the VE's identification of his past relevant work: "DOT, No. 753.687-038 has nothing to do with packing cheese in a dairy-products factory. That DOT occupation is a Packing-Line Worker in the rubber goods industry . . . . Because the DOT occupation the ALJ identified has nothing to do with packing cheese in a dairy-products factory, substantial evidence does not support the ALJ's reliance on that DOT occupation for the demands of Lockhart's past relevant work as a packing line worker as generally performed." (Doc. 22, at 9 (citations omitted).) The Magistrate Judge did not reach this assertion of error, noting that it can be "addressed on remand." (Doc. 20, at 12.) We agree.

recommendations. Therefore, we cannot follow the ALJ's logic in finding that Mr. Lockhart is not disabled based on his acceptance of the VE's testimony.

### III. Mr. Lockhart's Other Assertions of Error

Mr. Lockhart also asserts that the ALJ erred in finding that he can perform his past relevant work as a packing line worker as he actually performed it because the ALJ "did not address all functional requirements of the cheese stacking job as Mr. Lockhart had performed it," (Doc. 20 at 12), as is required by SSR 96–8p, (Doc. 22 at 12). Again, we agree with the Magistrate Judge that this is a matter that can be addressed on remand.

### Conclusion

For the foregoing reasons, we <u>OVERRULE</u> the Commissioner's objections and <u>ADOPT</u> the result of the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.

Date: 09/14/2015

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

J. Frank Hanley, II
jfrankhanley@jfrankhanley.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov